# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SINGLETARY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00322-JLT (PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE AS BARRED BY THE STATUTE OF LIMITATIONS**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

Plaintiff complains of events that occurred in 2013 when he was charged by R&R for shipping his personal property home, which his wife never received. (Doc. 1.) It is apparent that Plaintiff's claims are barred by the statute of limitations.

The applicable statute of limitations starts to run upon accrual of the plaintiff's claim, i.e. when he knows or has reason to know of the injury that is the basis of his action, *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009), which is normally on the date of injury, *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir.1994). Actions under section 1983 fall under the limitations period from the forum state's statute of limitations for personal injury torts, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007), which is two years in California, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

The two-year statute of limitations period is tolled for two years if the plaintiff is a

1

prisoner serving a term of less than life which gives such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are not inconsistent with federal law). Thus, Plaintiff had four years from the date of the incidents at issue to file suit.

It appears the claims Plaintiff seeks to pursue in this action are barred by the statute of limitations. His claims allegedly accrued, and the statute of limitations started running, in 2013. (Doc. 1, pg. 3.) He was entitled to four years (the sum of the time allowed by the usual limitations period and equitable tolling under section § 352.1) from that time to file suit. This means that he had until 2017, at the latest, to file suit. Plaintiff did not file this action until March 5, 2019, which is well after the 2017 deadline. Thus, Plaintiff's claims from incidents that occurred in 2013 appear barred by the statute of limitations.

## **ORDER**

Accordingly, **within 21 days** of the date of service of this order, Plaintiff **SHALL** show cause in writing why this action should not be dismissed as barred by the statute of limitations. **Failure to respond to this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated: **March 13, 2019**        /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE