# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SINGLETARY,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No.: 1:19-cv-00322-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE**<br><br>**(Docs. 1, 9)**<br><br>**21-DAY DEADLINE**<br><br>**CLERK TO ASSIGN A DISTRICT JUDGE** |

On March 13, 2019, the Court ordered Plaintiff to show cause why this action should not be dismissed as barred by the statute of limitations. (Doc. 9.) In response, Plaintiff argues that the statute of limitations was tolled because he was attempting to exhaust available administrative remedies. (Doc. 10.)

The applicable statute of limitations starts to run upon accrual of the plaintiff's claim, i.e. when he knows or has reason to know of the injury that is the basis of his action, *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009), which is normally on the date of injury, *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir.1994). Actions under section 1983 fall under the limitations period from the forum state's statute of limitations for personal injury torts, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007), which is two years in California, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

1

The two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life -- which gives such many prisoners four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are not inconsistent with federal law). Thus, if he was in custody the entire time, Plaintiff would have had four years from the date of the alleged incident to file suit. However, Plaintiff has *not* been in custody continuously since 2013.

Plaintiff contends the events at issue occurred on September 11, 2013. (Doc. 1, p. 3) Plaintiff states that he "made efforts to comply in the time frame," was offered "$200.00 in place of the actual value," and "was scheduled to parole the very next day." (Doc. 10, p. 3.) Once paroled, Plaintiff "immediately began to pursue this issue through the parole office" and attempted "to resolve this issue by exhausting [] administrative remedies" for which he received no response. (*Id.*) Plaintiff "was discharged off of parole and the issue went mute," so Plaintiff filed "the rights and responsibilities statement [dated 3-24-14] because the parole office and staff refused to assist" him further. (*Id.* at 3, 9.) Upon his return to custody[1] Plaintiff "immediately began to pursue this matter" via a "602 dated 4-3-18. . ." (*Id.*)

California courts have held it long settled that "whenever exhaustion of administrative remedies is a prerequisite to a civil action the running of the limitations period is suspended during the administrative proceedings." *Addison v. State of California*, 21 Cal. 3d 313, 318 (1978), citing *Dillon v. Board of Pension Commrs*, 18 Cal.2d 427 (1941). However, once released on parole, Plaintiff was relieved from the requirement to exhaust administrative remedies and could have filed suit at any time. *Jackson v. Fong*, 870 F.3d 928 (9th Cir. 2017) (complaint filed when not in custody is not subject to exhaustion defense). Thus, since exhaustion was not a prerequisite, it does not serve to toll the statute of limitations during the time that Plaintiff was out of custody, which was nearly four years. Further, once Plaintiff was released from custody, the tolling of the statute of limitations based on Plaintiff's incarceration per Cal. Code Civ. Proc. §

---

[1] Plaintiff was reincarcerated on December 4, 2017. *See* California Department of Corrections and Rehabilitation Inmate Locator, https://inmatelocator.cdcr.ca.gov/Results.aspx.

352.1(a) no longer applied.

Therefore, the claims Plaintiff seeks to pursue in this action are barred by the statute of limitations. His claims accrued, and the statute of limitations started running, on September 11, 2013. (Doc. 1, pg. 3.) While incarcerated, Plaintiff was entitled to equitable tolling under § 352.1. However, once § 352.1 ceased to apply, when Plaintiff's incarceration ceased, he had two years to file suit. (Cal. Code Civ. Proc. § 335.1) Plaintiff's information demonstrates he was released from custody no later than March 24, 2014. Thus, at the latest, Plaintiff had until March 24, 2016 to file suit. He did not file suit until March 5, 2019, which was nearly three years too late. Thus, Plaintiff's claims are barred by the statute of limitations.

Accordingly, the Court RECOMMENDS that this action be dismissed, with prejudice, since barred by the statute of limitations. The Clerk of the Court is directed to randomly assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 9, 2019**                    **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE